UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ROBERT ETHAN MILLER, JR.,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 17-122-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Robert Ethan Miller, Jr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In his petition, Miller contends that BOP officials at a federal penitentiary in West Virginia lacked "jurisdiction" to issue numerous incident reports against him in 2011 for serious misconduct he committed at other federal prisons located outside of that state. He also complains that the respondent, the warden in Kentucky, is responsible for the actions of BOP "field officers" in West Virginia, whom he contends open and screen his legal mail. [R. 1 at 8; R. 1-1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Miller's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the

petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As a preliminary matter, it is nearly certain Miller failed to properly exhaust this claim as required by federal law before he filed his petition. See *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). BOP regulations require federal inmates to challenge a disciplinary sanction by filing an appeal with the appropriate regional office within twenty days after it is issued. 28 C.F.R. § 542.14(a)(1), (d)(2). Miller's challenge to the disciplinary sanctions imposed in 2011 was filed in May 2017, six years too late. In addition, he must complete the exhaustion process before filing suit, but the Mid-Atlantic Regional Office's response (let alone the Central Office's decision) was not yet due when he filed his petition. See [R. 1-2 at 1]

But the question of exhaustion need not be reached because Miller's claim is without merit. Neither 28 C.F.R. § 541.5(a) or BOP Program Statement 5270.09 (July 8, 2011), which govern the issuance of incident reports, contain any requirement that they be formally issued within the same institution where the conduct occurred. They merely state that an incident report may be issued when BOP staff "witness or reasonably believe that you committed a prohibited act." Indeed, because inmates are often promptly transferred to a different prison after an incident presenting a security concern, whether to the inmate, other inmates, or correctional staff, it is not uncommon for incident reports to be issued from a location different from where the inmate is housed. Nothing in Miller's petition indicates that the BOP's actions were contrary to its rules and regulations. The petition will therefore be denied.

As a final matter, review of the Court's online PACER database establishes that Miller has an established history of frivolous and abusive litigation, including the filing of nearly fifty

civil rights and habeas corpus petitions. He is both thoroughly familiar with civil litigation in the federal courts and has long been subject to the three-strikes bar of 28 U.S.C. § 1915(g). The federal courts have the inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Miller is cautioned that should he attempt to improperly assert a civil rights claim - such as his mail screening claim here - in a future habeas corpus petition, the Court may recharacterize his petition as a civil rights complaint and impose the $400.00 in required fees.

Accordingly, **IT IS ORDERED** that:

1. Miller's petition [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated July 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY